JUDGE OETKEN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

12 CV 2247

------------------------------------------------X
WESTERN BULK SHIPOWNING III AS, :
                                :    12 Civ. _____
      Petitioner,          :
                                :    ECF Case
v.                              :

CARBOFER GENERAL TRADING SA, :

      Respondent.      :
------------------------------------------------X

      Petitioner, WESTERN BULK SHIPOWNING III AS (hereinafter referred to as "WB" or "Petitioner"), by and through its counsel, Lennon, Murphy, Caulfield & Phillips, LLC, as and for its Verified Petition against Respondent CARBOFER GENERAL TRADING SA (hereinafter referred to as "CGT" or "Respondent"), herein alleges upon information and belief the following:

    1.    This is a request for assistance to a foreign tribunal as contemplated by 28 U.S.C. § 1782(a).

    2.    As the underlying litigation is brought pursuant to a maritime contract guaranteeing performance of charter party obligations of non-party Carbofer Maritime Trading ApS (hereinafter referred to as "CMT") and the Petitioner seeks assistance in obtaining information in aid of these foreign proceedings, the Court has subject matter jurisdiction pursuant to Fed. R. Civ. P. 9(h) and 28 U.S.C. § 1331.

    3.    At all times relevant to this action, Petitioner was, and still is, a foreign corporation duly organized and operating under the laws of Norway with a place of business at Oslo, Norway.

4. At all times relevant to this action, Respondent was, and still is, a foreign corporation duly organized and operating under the laws of Switzerland with a place of business at Lugano, Switzerland and is the parent company of non-party CMT.

6. Petitioner is the disponent owner of the ocean going vessel named M/V Western Moscow.

7. Petitioner chartered the M/V Western Moscow to CMT for a period of minimum 34 months maximum 38 months from the time of delivery at a rate of U.S. $17,700 per day including overtime with vessel delivery to CMT to occur on October 14, 2011.

8. CMT sent WB an email dated February 8, 2012 in which it asked WB, as disponent owners of the M/V Western Moscow, to take the vessel back and take steps to mitigate losses.

9. WB sent CMT a responsive email dated February 8, 20102 acknowledging CMT's message and advising that WB would treat CMT's message as a repudiation or renunciation of the charter party.

10. As of February 8, 2012 WB owed a total of US $602,275.47 to WB for unpaid vessel hire and other expenses.

11. WB has calculated its damages arising from CMT's repudiation or renunciation of the charter party as follows:

| | |
|---|---|
| Charter party daily hire rate with CMT | U.S. $17,700 gross ($17,036.25 net) |
| Market charter party daily hire rate | U.S. $11,000 gross ($10,587.50 net) |
| Differential between rates | U.S. $6,448.75 per day |
| <u>Days remaining under CMT charter party</u> | <u>916</u> |
| TOTAL: | U.S. $5,907,055.00 |

12. Accordingly, Petitioner commenced an English High Court proceeding on February 17, 2012, against Respondent seeking recovery for CMT's unpaid charter party hire and expenses and further losses incurred by WB due to CMT's repudiation or renunciation of the charter party for which CGT is lawfully responsible under the guarantee issued to WB.

13. Notwithstanding the initiation of English proceedings against CGT under the guarantee, it appears that CGT has no intent of honoring its obligations thereunder and that there is substantial risk of dissipation of assets and/or an inability of CGT to meet its obligations under the guarantee.

## PETITIONER'S REQUEST FOR RELIEF

14. 28 U.S.C. § 1782(a) [Assistance to foreign and international tribunals and to litigants before such tribunals] provides:

> "[t]he district court of this district in which a person resides or is found may order him to give testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal … The Order may be made … upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing produced, before a person appointed by the Court."

*See* 28 U.S.C. § 1782(a).

15. Petitioner, having initiated English High Court proceedings against CGT, is an interested party within the meaning of 28 USC §1782(a).

16. Petitioner has information showing that the Respondent conducts business, or has previously conducted business, with the following non-party financial institutions which are subject to the jurisdiction of this Court:

   i.   Citibank, N.A.;
   ii.  Bank of New York Mellon;
   iii. J.P. Morgan Chase;

    iv.    BNP Paribas;
    v.     Societe Generale;
    vi.    UBS AG;
    vii.   HSBC Bank USA N.A.;
    viii.  Merrill Lynch;
    ix.    Deutsche Bank A.G.;
    x.     ABN AMRO Bank; N.V.;
    xi.    Bank of America;
    xii.   Oversea-Chinese Banking Corporation Limited; and
    xiii.  United Overseas Bank Limited.

17. Petitioner has information that the aforementioned non-party financial institutions may hold assets belonging to CGT, and/or may know where such assets are located; and/or where such assets may have previously been held; and/or may have documents and information concerning CGT and/or its assets and/or financial transactions bearing directly on Petitioner's claims and/or which may lead to the discovery of other admissible evidence against CGT.

18. Petitioner seeks disclosure from the aforementioned limited number of third party financial institutions which are subject to the jurisdiction of this Court in the form of documentary subpoenas seeking turnover of documents and interrogatories seeking provision of information.

19. Petitioner requests that such disclosure be obtained pursuant to discovery mechanisms provided by the Federal Rules of Civil Procedure and does not seek appointment of a person to monitor this process.

**WHEREFORE**, Petitioner prays as follows:

    a.    That process in due form of law issue allowing Petitioner to conduct limited discovery regarding CGT's assets and/or information regarding CGT's assets and financial transactions held by persons and/or entities within the jurisdiction of this Court;

b.  That this Court retain jurisdiction over this matter through the entry of any judgment or further award associated with Petitioner's English High Court proceeding currently pending against the Respondent and/or any such further proceedings, actions, arbitrations or claims which may be initiated in the future, including any appeals thereof;

c.  That Petitioner have such other, further and different relief as the Court may deem just and proper in the circumstances.

Dated: New York, NY
March 27, 2012

> LENNON, MURPHY, CAULFIELD
> & PHILLIPS, LLC
> Attorneys for Petitioner
> WESTERN BULK SHIPOWNING III AS
>
> By: _____
> Kevin J. Lennon     (KL 5072)
> Patrick F. Lennon   (PL 2162)
> The GrayBar Building
> 420 Lexington Ave - Suite 300
> New York, NY 10170
> Tel:  (212) 490-6050
> Fax:  (212) 490-6050
> Email: klennon@lmcplegal.com
>        plennon@lmcplegal.com

## ATTORNEY'S VERIFICATION

1. My name is Kevin J. Lennon.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am an attorney in the firm of Lennon, Murphy, Caulfield & Phillips, LLC attorneys for the Petitioner.

4. I have read the foregoing Verified Petition and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Petitioner is that the Petitioner is a business organization with no officers or directors now within this County.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Petitioner and agents and/or representatives of the Petitioner.

7. I am authorized to make this Verification on behalf of the Petitioner.

Dated:   March 27, 2012

*/s/ Kevin J. Lennon*
KEVIN J. LENNON

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
WESTERN BULK SHIPOWNING III AS,  :
                                                :      12 Civ. _____

        Petitioner,          :

                                               :      ECF Case

   v.                                        :

CARBOFER GENERAL TRADING SA,  :

       Respondent.        :
------------------------------------------------------X

       Pursuant to 28 U.S.C. § 1746, Sara Gillingham declares under the penalty of perjury the following:

       1.    I am legal counsel for the Western Bulk group of which the Petitioner, Western Bulk Shipowning III AS (hereinafter referred to as "WB" or Petitioner) is a subsidiary company, and make this declaration based upon my own personal knowledge and upon information and documents provided to me that I believe to be true and accurate.

       2.    This declaration is submitted in support of WB's Petition for assistance to a foreign tribunal as contemplated by 28 U.S.C. § 1782(a).

       3.    WB is seeking assistance from this court in obtaining information in aid of foreign proceedings it has commenced against the Respondent, CARBOFER GENERAL TRADING SA (hereinafter referred to as "CGT" or Respondent)

       4.    CGT is the guarantor of maritime obligations under a contract of charter between WB and non-party CARBOFER MARITIME TRADING ApS (hereinafter referred to as "CMT") but has failed to honor its guarantee obligations.

5. As set forth in WB's Petition, it calculates the amount owed to it by CMT, and hence guaranteed by CGT, as approximately US $6,500,000.00.

6. Despite demand for payment and notwithstanding commencement of English High Court proceedings against CGT to enforce the guarantee, it is evidence to WB that CGT intends to dishonor its obligations under the guarantee and, further, that there exists substantial risk for CGT to dissipate its assets in advance of a judgment being obtained and/or that once a judgment is obtained that CGT will be unable to meet its obligations under the guarantee.

7. WB's concerns regarding the substantial risk that CGT will seek (or already has begun) to dissipate its assets and/or will be unable to meet its obligations under the guarantee is based on its dealings with CGT and also an investigation into CGT that which shows the following: (a) CGT has ceased to communicate with WB and other creditors; (b) CGT has failed to continue to fund and/or capitalize its non-party CMT; and (c) CGT terminated six (6) employees on its steel trading desk and then proceeded to transfer, or sell, the balance of its steel trading desk, including its commercial director, to non-party Starglobe.

8. Petitioner has obtained information showing that CGT conducts business, or has previously conducted business, with the following non-party financial institutions which have a presence in New York and are thus subject to the jurisdiction of this honorable court:

   i.   Citibank, N.A.;
   ii.  Bank of New York Mellon;
   iii. J.P. Morgan Chase;
   iv.  BNP Paribas;
   v.   Societe Generale;
   vi.  UBS AG;

vii. HSBC Bank USA N.A.;
viii. Merrill Lynch;
ix. Deutsche Bank A.G.;
x. ABN AMRO Bank; N.V.;
xi. Bank of America;
xii. Oversea-Chinese Banking Corporation Limited; and
xiii. United Overseas Bank Limited.

9. WB has information and/or has a good faith belief that these aforementioned non-party financial institutions may hold assets belonging to CGT, and/or may know where such assets are located; and/or where such assets may have previously been held; and/or may have documents and information concerning CGT and/or its assets and/or financial transactions bearing directly on WB's claims and/or which may lead to the discovery of other admissible evidence against CGT which can be of assistance to the foreign tribunal.

10. WB is respectfully seeking disclosure from the aforementioned limited number of third party financial institutions to seek information which can be of assistance to the foreign tribunal.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed at Oslo, Norway this 27th day of March, 2012.

_____
SARA GILLINGHAM

3